UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRENT MORRIS,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>BOYD GAMING CORPORATION, et al.,<br><br>　　　　　　Defendant(s). | Case No. 2:16-cv-02416-GMN-NJK<br><br>ORDER<br><br>(Docket No. 15) |

Pending before the Court is Plaintiff's motion for entry of default judgment against Defendant Rachel Martines. Docket No. 15. Plaintiff is litigating this matter *pro se*, and the Court construes his filings liberally. *See, e.g.*, *Berhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Obtaining a default judgment is a two-step process, by which the movant must first obtain default. *See, e.g.*, *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); Fed. R. Civ. P. 55(a). Once a default has been obtained, then a plaintiff may seek default judgment. *See* Fed. R. Civ. P. 55(b).

The pending motion appears to conflate default and default judgment. In light of Plaintiff's *pro se* status, the Court **CONSTRUES** the pending motion as one seeking entry of default and **REFERS** the motion to the Clerk's Office.

//

//

//

//

To the extent the pending motion seeks entry of default judgment, it is **DENIED** as premature. In the event that a default is entered, Plaintiff may then file a motion for default judgment.[1]

IT IS SO ORDERED.

DATED: November 10, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court is expressing no opinion herein as to whether entry of default or default judgment is proper.