UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| BRENT MORRIS,<br>　　　　　　Plaintiff(s),<br>vs.<br>BOYD GAMING CORPORATION, et al.,<br>　　　　　　Defendant(s). | Case No. 2:16-cv-02416-GMN-NJK<br><br>ORDER<br><br>(Docket No. 26) |

Pending before the Court is Plaintiff's "Request for a Court Order Setting Discovery Schedule." Docket No. 26. Defendants filed a response in opposition. Docket No. 27.

Liberally interpreted, Plaintiff's motion seeks two forms of relief. First, Plaintiff seeks entry of a scheduling order governing discovery. Defendants respond that discovery is not needed. Generally speaking, parties are required to submit a discovery plan and proposed scheduling order unless a stay of discovery has been entered.[1] The Court hereby orders that, to the extent Defendants believe discovery should be stayed pending resolution of their motion to dismiss or for summary judgment, Defendants must file a motion to stay discovery addressing the relevant standards. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). That motion to stay discovery shall be filed by December 15, 2016. If the motion to stay discovery is filed, discovery shall be stayed on an interim

---

[1] The mere pendency of a dispositive motion, standing alone, is not sufficient to stay discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

basis pending resolution of the motion to stay. If no motion to stay is filed, the parties shall file a joint proposed discovery plan by December 22, 2016.

Plaintiff also appears to seek relief from summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. *See* Docket No. 26 at 2-3. This request is defective for a number of reasons. First, motions must be limited to seeking one form of relief. Local Rule IC 2-2. As noted above, the primary thrust of Plaintiff's motion is that he wishes to proceed with discovery. To the extent he also wishes to oppose summary judgment on the grounds that discovery is necessary, that must be a separate filing. Second, and similarly, to ensure that arguments are considered with respect to the pertinent motion, parties must clearly label the documents they file. For these reasons, the pending motion will be denied without prejudice to the extent Plaintiff seeks relief under Rule 56(d). If Plaintiff wishes to seek such relief, he must file a separate document that is clear titled as a request seeking denial or deferral of the motion for summary judgment pursuant to Rule 56(d).

In short, the pending motion is **DENIED** as premature with respect to the request to commence discovery and is **DENIED** without prejudice with respect to the request to defer or deny summary judgment pursuant to Rule 56(d).

IT IS SO ORDERED.

DATED: December 8, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge