**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRENT MORRIS, ) | |
| ) | Case No. 2:16-cv-02416-GMN-NJK |
| Plaintiff(s), ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| BOYD GAMING CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |

Plaintiff is a prisoner bringing a civil rights claim. Docket No. 1-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the claims against Defendant Martines be dismissed as frivolous, that the motion to set aside default be granted (Docket No. 20), and that the motion for default judgment be denied (Docket No. 19).

**I.    BACKGROUND**

This case arises out of alleged wrongdoing with respect to Plaintiff's arrest and the seizure of a gaming chip on September 22, 2010, as well as subsequent criminal and civil proceedings. Several Defendants associated with the Orleans Hotel and Casino removed the case from state court and have sought dismissal and/or summary judgment on numerous grounds. *See* Docket Nos. 1, 5. On the other hand, Defendant Martines is being sued in relation to her alleged conduct as an enforcement agent for the Nevada Gaming Control Board. *See* Docket No. 1-2 at 4. In particular, Plaintiff alleges that Defendant Martines illegally seized the subject gaming chip. *See, e.g.*, *id.* at 9. Plaintiff sues Defendant Martines in her individual and official capacities. *See id.* at 4.

This is not Plaintiff's first case alleging such claims against Defendant Martines based on the same nucleus of facts. In *Morris v. The Orleans Hotel & Casino*, 2:12-cv-01683-JCM-CWH, Plaintiff also sued Defendant Martines for the allegedly illegal seizure of the same gaming chip during the incident on September 22, 2010. *See, e.g.*, Case No. 2:12-cv-01683-JCM-CWH, Docket No. 1-1 at 2, 7. United States Magistrate Judge Carl W. Hoffman screened the complaint and found the claims against Defendant Martines failed because (1) the official capacity claim was barred under *Will v. Mich. Dept. Of State Police*, 491 U.S. 58, 71 (1983) and (2) the individual capacity claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). *See Morris*, 2013 WL 6409880, at *4, *5 (D. Nev. Sept. 27, 2013). Plaintiff objected to that report and recommendation, but his objections were overruled and his complaint was dismissed by United States District Judge James C. Mahan. *See* Case No. 2:12-cv-01683-JCM-CWH, Docket Nos. 24, 26. Judge Mahan expressly held that the official capacity and individual capacity claims against Defendant Martines failed for the reasons stated by Judge Hoffman. *See* Case No. 2:12-cv-01683-JCM-CWH, Docket No. 26 at 4-5. Plaintiff thereafter attempted to appeal that decision. Judge Mahan revoked Plaintiff's *in forma pauperis* status for appellate purposes, finding the appeal was frivolous. Case No. 2:12-cv-01683-JCM-CWH, Docket No. 32. The Ninth Circuit similarly found the appeal was frivolous. Case No. 2:12-cv-01683-JCM-CWH, Docket No. 34. The Ninth Circuit then dismissed the appeal when Plaintiff failed to pay the appellate filing fee. Case No. 2:12-cv-01683-JCM-CWH, Docket No. 35.

**II.     STANDARDS AND ANALYSIS**

Federal courts conduct a preliminary screening in cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).[1] Through that screening process, federal courts must identify any cognizable claims and dismiss any claims that are frivolous, malicious or fail to state a claim upon which relief may be granted, or from which the defendant is immune. *See* 28 U.S.C. § 1915A(b). When a court dismisses a complaint, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face

---

[1] The other Defendants appearing in this action were sued with respect to their connection to the Orleans Hotel & Casino (*i.e.*, not a government entity) and they have already filed a motion to dismiss or, in the alternative, for summary judgment. *See* Docket No. 5. As such, the undersigned will not screen the claims Plaintiff brings against those Defendants.

of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

Plaintiff's claims against Defendant Martines should be dismissed as frivolous. As has already been explained to Plaintiff, he is not permitted to sue Defendant Martines in her official capacity because state officers sued in their official capacity are not "persons" for purposes of a section 1983 action. *Morris*, 2013 WL 6409880, at *4 (citing *Will*, 491 U.S. at 71). As has also already been explained to Plaintiff, he is not permitted to sue Defendant Martines in her individual capacity for the allegedly illegal search and seizure during the incident on September 22, 2010, because such a claim necessarily implies the invalidity of his conviction and he has not shown that his conviction has been invalidated through the appellate or other legal process. *See id.* at *5 (citing *Heck*, 512 U.S. at 483-87, *Szajer v. City of Los Angeles*, 632 F.3d 607,

611 (9th Cir. 2011), and *Harvey v. Waldron*, 210 F.3d 100, 1015 (9th Cir. 2000)).[2] Plaintiff's attempts to challenge those conclusions have already been found to be frivolous by Judge Mahan and a Ninth Circuit panel. For those same reasons, Plaintiff's claims against Defendant Martines fail here.

In addition, because the claims against Defendant Martines were subject to screening under Section 1915A, the Court further concludes that the Clerk's entry of default was premature. As such, the motion to set aside default should be granted and the motion for entry of default judgment should be denied.

### III.  CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the claims against Defendant Martines be dismissed as frivolous, that the motion to set aside default be granted (Docket No. 20), and that the motion for default judgment be denied (Docket No. 19).

Dated: January 9, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[2] To the contrary, Plaintiff was convicted and his conviction was upheld on appeal. *See Morris*, 2013 WL 6409880, at *5. Plaintiff has presented no change in circumstances such that the *Heck* bar does not apply here.