# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRENT MORRIS,  )
                  Plaintiff(s),  )  Case No. 2:16-cv-02416-GMN-NJK
                                              )  REPORT AND RECOMMENDATION
vs.  )
BOYD GAMING CORPORATION, et al.,  )
                  Defendant(s).  )

      Plaintiff is a prisoner bringing a civil rights claim. Docket No. 1-1. On December 5, 2016, the Clerk's Office issued a notice of intent to dismiss the case against Defendant Caberto for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 28. In response to that order, Plaintiff has now filed a motion to extend the time for service by 60 days. Docket No. 43. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion to extend be denied and that the claims against Defendant Caberto be dismissed.

      Plaintiffs must generally serve defendants within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Failure to comply with that deadline may result in the dismissal of any unserved defendants. *Id.* Nonetheless, the Court must extend the service deadline if the plaintiff shows good cause for the failure to comply with it. *Id.* District courts have broad discretion in determining whether good cause exists for an extension. *See, e.g., in re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

      In this case, Plaintiff has not established good cause to extend the deadline for service. Plaintiff's case was originally filed in state court more than six months before he filed his motion to extend. *See*

Docket No. 1-2 (complaint date-stamped June 23, 2016); Docket No. 43 (instant motion dated January 4, 2017). Plaintiff also asserts that service was attempted once on Defendant Caberto, on October 4, 2016, at which time the process server was notified that Defendant Caberto no longer works at the Orleans. *See* Docket No. 43 at 3. Moreover, it was made clear to Plaintiff as of at least October 17, 2016 that Defendant Caberto is living in Broomfield, Colorado. *See id.*; *see also* Docket No. 1 at 2. Hence, Plaintiff has known for roughly three months that he cannot effectuate service on Defendant Caberto through the Orleans (as his employer) and further that Defendant Caberto lives in Broomfield, Colorado. Nonetheless, the only attempt to locate and/or effectuate service during that time period is apparently that Plaintiff "consulted the telephone company's directory assistance to locate Caberto, but was unsuccessful." Docket No. 43 at 4. Even taking into account Plaintiff's status as a *pro se* prisoner, this effort falls short in establishing good cause for an extension and the undersigned declines to grant such an extension.[1]

In addition, it appears there is no prejudice to Plaintiff in not providing additional time for service on Defendant Caberto. *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772-73 (9th Cir. 2004) (courts should consider prejudice). The same or substantially similar claims brought by Plaintiff against Defendant Caberto were previously dismissed and the attempted appeal therefrom was found to be frivolous. *Morris v. The Orleans Hotel & Casino*, 2013 WL 6409880, at *3-4 (D. Nev. Sept. 27, 2013) (report and recommendation); Case No. 2:12-cv-01683-JCM-CWH, Docket Nos. 24 (objection to report and recommendation), 26 (order overruling objection and adopting report and recommendation), 32 (revocation of Plaintiff's *in forma pauperis* status for appellate purposes, upon this Court's finding that the appeal was frivolous), 34 (Ninth Circuit's similar finding that appeal was frivolous). To that end, there is a pending motion to dismiss or for summary judgment raising these issues that has been filed by appearing Defendants who are similarly situated to Defendant Caberto. *See, e.g.*, Docket No. 5 at 2, 6-7 (asserting that the claims against all of the casino defendants, including

---

[1] The Court has discretion to extend the service deadline even absent a showing of good cause. *See, e.g.*, *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). As outlined below, it appears Plaintiff's claims against Defendant Caberto are subject to dismissal for the reasons already advanced in the motion to dismiss or for summary judgment filed by the appearing defendants. The Court declines in this case to exercise its discretion to extend the service deadline.

Defendant Caberto, were dismissed previously). As the undersigned has already found, there is a high likelihood that the pending motion to dismiss or for summary judgment will be granted. *See* Docket No. 38 (staying discovery based on pendency of that motion). Hence, not allowing Plaintiff further time to serve Defendant Caberto would not result in any prejudice to Plaintiff since it appears those claims are subject to dismissal at any rate. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared"); *Silverton v. Dept. Of Treasury*, 644 F. 2d 1341, 1345 (9th Cir. 1981) (holding that a district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion to extend be denied and that the claims against Defendant Caberto be dismissed.

Dated: January 9, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).