# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRENT MORRIS,

        Plaintiff,

vs.

MITCHELL CABERTO, *et al.*,

        Defendants.

Case No.: 2:16-cv-02416-GMN-NJK

**ORDER**

Before the Court for consideration are two Report and Recommendations ("R&R") of the Honorable Nancy J. Koppe, United States Magistrate Judge, both entered on January 9, 2017. (*See* ECF Nos. 44, 45). Plaintiff filed Objections to both R&Rs, which are fully briefed. For the reasons discussed below, the Court **ACCEPTS** and **ADOPTS** the R&Rs.

## I. BACKGROUND

Plaintiff's Complaint asserts various civil rights claims pursuant to 42 U.S.C. § 1983 for alleged constitutional violations stemming from his arrest, trial, and conviction in Nevada state court. (*See generally* Ex. B to Pet. for Removal ("Compl."), ECF No. 1-2). Plaintiff alleges that on September 22, 2010, he was unlawfully arrested by officers of the Nevada Gaming Control Board while he was gambling at the Caesars Palace Hotel and Casino ("Caesars"). (*Id.* at 2). Plaintiff was arrested pursuant to NRS § 463.155 for being an "excluded person." (*Id.*). During the arrest, officers confiscated $768.00 in Caesars gaming chips and $5,000.00 in gaming chips from the Orleans Hotel and Casino ("Orleans"). (*Id.*). Plaintiff was thereafter charged with unlawful entry of an excluded person in violation of NRS § 463.155 and fraudulent acts in a gaming establishment in violation of NRS § 465.070.3. *See Nevada v.*

*Morris*, Case No. C-10-269265-1, Clark County District Court. The Court discusses additional pertinent facts below with respect to each R&R.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

### A. First R&R

As relevant here, Plaintiff alleges that Defendant Rachel Martines ("Martines") is liable in her individual and official capacities as an enforcement agent for the Nevada Gaming Control Board for illegally seizing the $5,000.00 in Orleans gaming chips. (*See* Compl. at 6). On November 9, 2016, Plaintiff filed a Motion for Entry of Default against Martines, (ECF No. 15), which the Clerk granted shortly thereafter, (*see* ECF No. 17).[1] In the First R&R, Magistrate Judge Koppe recommends that: (1) the claims against Martines be dismissed; (2) the Motion to Set Aside Default, (ECF No. 20), filed by Martines be granted; and (3) Plaintiff's Motion for Default Judgment, (ECF No. 19), against Martines be denied. (*See* First R&R 1:16–19, ECF No. 44).

Judge Koppe recounts in detail the procedural history of a nearly identical case filed by Plaintiff, *Morris v. The Orleans Hotel & Casino*, Case No. 2:12-cv-01683-JCM-CWH (the "*Orleans* case"). In the *Orleans* case, United States District Judge James C. Mahan adopted the

---

[1] Although the Motion was actually filed as a Motion for Default Judgment, the Court construed the Motion as a motion for entry of default. (*See* Order, ECF No. 16).

recommendation of United States Magistrate Judge Carl W. Hoffman, agreeing that Plaintiff's claims against Martines failed under *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1983), and *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). *See* Case No. 2:12-cv-01683-JCM-CWH, Dkt. Nos. 24, 26. Plaintiff appealed Judge Mahan's ruling, but the Ninth Circuit found the appeal frivolous and later dismissed the appeal for Plaintiff's failure to pay the filing fee. *See id.*, Dkt. Nos. 34, 35. Likewise, Judge Koppe recommends that "Plaintiff's claims against Defendant Martines should be dismissed as frivolous" in light of *Morris* and *Heck*. (First R&R 3:17–4:3).

In his Objection, Plaintiff argues that removal in this case was improper. (Obj. 5:18–27, ECF No. 51). Further, Plaintiff asserts that Judge Mahan "had difficulty in his interpretation of the *Heck's* [sic] case" and is therefore "seeking a review of the facts of his case by Judge Navarro." (*Id.* 7:21–24). Plaintiff argues that "*Heck* is inapplicable to the present case because he was *never* convicted of cheating at craps regarding the alleged incident at the Orleans Casino on September 20, 2010." (*Id.* 13:5–7). However, Plaintiff was convicted of, *inter alia*, four counts of unlawful entry of an excluded person in a gaming establishment pursuant to a jury verdict and bench trial. *See Nevada v. Morris*, Case No. C-10-269265-1, Clark County District Court. His conviction was upheld on appeal by the Nevada Supreme Court on April 12, 2012. *See Morris v. State of Nev.*, Nevada Supreme Court Case No. 58646 (unpublished order). Whether Plaintiff was convicted of cheating at the Orleans is therefore irrelevant in light of his unlawful entry convictions.

Therefore, the Court has determined that Magistrate Judge Koppe's First R&R should be **ACCEPTED** and **ADOPTED** to the extent that it is not inconsistent with this opinion. Moreover, in light of Plaintiff's repeated failed attempts to assert the instant claims against Martines, the Court dismisses the claims against Martines with prejudice. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("It is well-established that a court may dismiss an

entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'").

### B. Second R&R

Magistrate Judge Koppe's Second R&R recommends that Plaintiff's Motion seeking to extend time to serve Defendant Mitchell Caberto be denied and the claims against him dismissed. (Sec. R&R 1:19–21, ECF No. 45). Magistrate Judge Koppe points out that although the Federal Rules of Civil Procedure generally require plaintiffs to effect service within 90 days after filing a complaint, Plaintiff has failed to serve Caberto during the more than 180 days this case was pending in state court. (*Id.* 1:27–2:11); *see also* Fed. R. Civ. P. 4(m). Indeed, although the case was removed to this Court on October 17, 2016, Plaintiff has yet to file notice of proper service as to Caberto. In addition, Magistrate Judge Koppe determined that "there is no prejudice" in denying Plaintiff's Motion as "[t]he same or substantially similar claims brought by Plaintiff against Defendant Caberto were previously dismissed and the attempted appeal therefrom was found to be frivolous." (Sec. R&R 2:14–16).

Plaintiff's Objection, (ECF No. 55), merely asserts the same arguments rejected by Magistrate Judge Koppe and fails to explain why he has yet to serve Caberto. Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Koppe's Second R&R to the extent that it is not inconsistent with this opinion. As with Martines, the Court dismisses the claims against Caberto with prejudice given the rejection of the same claims by Judge Mahan and the Ninth Circuit.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendations, (ECF Nos. 44, 45), be **ACCEPTED** and **ADOPTED** in full, to the extent that they are not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Martines' Motion to Set Aside Default, (ECF No. 20), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (ECF No. 19), against Martines is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 43), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Martines and Caberto are **DISMISSED with prejudice**.

**DATED** this __21__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court