# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRENT MORRIS,

        Plaintiff,

vs.

MITCHELL CABERTO, *et al.*,

        Defendants.

Case No.: 2:16-cv-02416-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 5), filed by Defendants Boyd Gaming Corporation, Coast Hotels and Casinos, Inc. dba the Orleans Hotel and Casino ("Boyd"), Jeffrey Fine ("Fine"), and Elizabeth Sobczak ("Sobczak") (collectively "Defendants"). Plaintiff Brent Morris[1] ("Plaintiff") filed a Response, (ECF No. 57), and Plaintiff filed a Reply, (ECF No. 61). For the reasons discussed below, the Court **GRANTS** Defendants' Motion.

## I.    BACKGROUND

Plaintiff's Complaint asserts various civil rights claims pursuant to 42 U.S.C. § 1983 for alleged constitutional violations stemming from his arrest, trial, and conviction in Nevada state court. (*See generally* Ex. B to Pet. for Removal ("Compl."), ECF No. 1-2). Plaintiff alleges that on September 22, 2010, he was unlawfully arrested by officers of the Nevada Gaming Control Board while he was gambling at the Caesars Palace Hotel and Casino ("Caesars"). (*Id.* at 2). Plaintiff was arrested pursuant to NRS § 463.155 for being an "excluded person." (*Id.*). During

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the arrest, officers confiscated $768.00 in Caesars gaming chips and $5,000.00 in gaming chips from the Orleans Hotel and Casino ("Orleans"). (*Id.*).

Plaintiff was thereafter charged with unlawful entry of an excluded person in violation of NRS § 463.155 and fraudulent acts in a gaming establishment, in violation of NRS § 465.070.3. *See Nevada v. Morris*, Case No. C-10-269265-1, Clark County District Court.[2] Following a jury verdict and bench trial, Plaintiff was convicted of two counts of commission of fraudulent acts in a gaming establishment and four counts of unlawful entry of an excluded person in a gaming establishment. *Id.* His conviction was upheld on appeal by the Nevada Supreme Court. *See Morris v. State of Nevada*, Nev. S. Ct. Case No. 58646 (unpublished order).

During the course of the underlying state court proceedings, Plaintiff alleges that he made three separate motions—one before trial and the other two post-conviction—seeking the return of the gaming chips that were seized during his arrest. (*See* Compl. at 6–7). The pretrial motion, filed on January 5, 2011, was denied. (*Id.* at 7). The first post-conviction motion was filed on June 10, 2011. (*Id.*). The motion was denied without prejudice after representation that a forfeiture action had not yet been filed. (*Id.*). Plaintiff then filed a third motion seeking the return of the chips seized incident to his arrest. (*Id.*). Ultimately, on March 13, 2012, the motion for return of property was granted in part and denied in part. (*Id.* at 8). The $768.00 in gaming chips from Caesars were returned, but the $5,000.00 in gaming chips from the Orleans were not returned because they were the subject of a separate interpleader action, *State of Nevada ex rel. State Gaming Control Board vs. Brent Morris, et al.*, Las Vegas Township Justice Court, Case No. 12-C-003478 (complaint filed on February 6, 2012) (hereinafter "Interpleader Action"). (*Id.*).

---

[2] The Court takes judicial notice of the state court orders pertinent to this case. *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies.").

Upon initiation of the Interpleader Action, the $5,000.00 in Orleans gaming chips were deposited with the Justice Court, and the parties claiming entitlement to the chips submitted briefing regarding their respective claims. (*Id.*). On June 13, 2012, the judge in the Interpleader Action granted a motion to return the chips to Boyd Gaming. (*Id.*). Shortly thereafter, Plaintiff appealed the Justice Court's decision in the Interpleader Action to the Clark County District Court, which affirmed the lower court's order on May 2, 2016. (*Id.* at 9). In the instant Complaint, Plaintiff alleges that Defendants illegally seized the $5,000.00 in Orleans gaming chips in violation of his Fourth Amendment rights. (*Id.* at 4).

## II. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III. DISCUSSION

This is not Plaintiff's first attempt to litigate the facts of this case. Aside from the state court cases discussed *supra*, Plaintiff previously filed a nearly identical case in this district, *Morris v. The Orleans Hotel & Casino*, Case No. 2:12-cv-01683-JCM-CWH (the "*Orleans* case"), against, *inter alia*, the Orleans, Fine, and Sobczak. In the *Orleans* case, United States District Judge James C. Mahan adopted the recommendation of United States Magistrate Judge Carl W. Hoffman, agreeing that "[t]he claims against the defendant employees of the Orleans [here Fines and Sobczak] fail as a matter of law." Order 4:15–16, *Morris v. The Orleans Hotel & Casino*, Case No. 2:12-cv-01683-JCM-CWH, ECF No. 26. Specifically, Judge Mahan found that as "private individuals acting within the scope of their employment for a private hotel and casino," Plaintiff failed to allege that the alleged constitutional violations were committed by a person acting under color of state law as required to state a claim under 42 U.S.C. § 1983. *Id.* 4:4–16. Plaintiff appealed Judge Mahan's ruling dismissing his complaint, but the Ninth Circuit found the appeal frivolous and later dismissed the appeal for Plaintiff's failure to pay the filing fee. *See id.*, Dkt. Nos. 34, 35.

Defendants argue that in light of the *Orleans* case, the instant action is barred by claim preclusion. (Mot. to Dismiss 11:22–23, ECF No. 5). Claim preclusion, also referred to as res judicata, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe–Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). "A final judgment on the merits of an

action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States,* No. CV F 02–5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

"Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Applying the three-part test, the Court holds that claim preclusion applies to this matter. These suits are based on the same event—the seizure of $5,000.00 in gaming chips from the Orleans that were not returned to Plaintiff because they were the subject the Interpleader Action. As in the *Orleans* case, Plaintiff asserts that the seizure of gaming chips by Boyd and its employees violated his Fourth Amendment rights. These same claims have already been dismissed by Judge Mahan. *See Federated Dep't Stores*, 452 U.S. at 399 n.3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Finally, the parties in both cases are identical except for Boyd. However, as Boyd's subsidiary, the Orleans and Boyd are in privity with each other. (*See* Compl. at 3); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Moreover, "[a]n employer-employee relationship satisfies the claim preclusion privity requirement." *Chunhye Kim Lee v. Ariz. Bd. of Regents*, 633 F. App'x 453, 454 (9th Cir. 2016) (unpublished); *see also Knox v. Potter*, No. C-03-3638 MMC, 2004 WL 1091148, at *13 (N.D. Cal. May 4, 2004), *aff'd*, 131 F. App'x 567 (9th Cir. 2005).

Therefore, because the Court has already issued a judgment on the merits regarding these parties, events, and causes of action, the Court holds that claim preclusion bars Plaintiff from relitigating this matter. Plaintiff's claims have already been rejected as frivolous by both this District Court and the Ninth Circuit. Although Plaintiff may be dissatisfied with the results

in the *Orleans* case, he is not entitled to endless bites at the same apple. The Court thus dismisses Plaintiff's Complaint with prejudice.

**IV. <u>CONCLUSION</u>**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 5), is **GRANTED**. Plaintiff's Complaint, (ECF No. 1-2), is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that all pending motions in this case are **DENIED as moot**.

The Clerk of Court shall close the case.

**DATED** this __22__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge